State Court of Fulton County
**E-FILED**
21EV004688
8/9/2021 9:31 AM
Christopher G. Scott, Clerk
Civil Division

# IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **ANDREA GORDON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **C/A File No.** |
| | : | |
| **STANLEY FAUGHN &** | : | |
| **RELIABLE CARRIERS INC.,** | : | |
| | | |
| **Defendants.** | | |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Andrea Gordon Plaintiff in the above-styled action and shows this Honorable Court the following facts:

1.

The Plaintiff herein, Andrea Gordon resides in Fulton County, Georgia, and is subject to the jurisdiction of this Court; and can be served at the following address: 424 Preakness Drive, Alpharetta, GA 30022.

2.

That the Defendant herein, Stanley Faughn resides in St. Joseph County, Michigan, and is subject to the jurisdiction of this Court, and can be served at the following address: 332 Pleasant Street, Mendon, MI 49072.

3.

That the Defendant herein, Reliable Carriers Inc. resides in Wayne County, Michigan, and is subject to the jurisdiction of this Court, and can be served at the following address: 41555 Koppernick Road, Canton, MI 48187.

1

4.

That on or about Tuesday, October 8th, 2019 at or around 1:30 p.m., Plaintiff was driving her Black 2013 Ford Explorer (herein Plaintiff's vehicle) in the right turn lane from GA 140 onto Holcomb Woods Parkway.

5.

At the same time, Defendant was operating his 2016 Ken Semi-Truck (hereinafter Defendant's vehicle) and was also turning right onto Holcomb Woods Parkway.

6.

Defendant had to make a wide turn due to the load of the truck, which resulted in his failure to clear all the lanes and the collision into Plaintiff's vehicle. The Defendants improper lane change and failure to keep their vehicle under control at all times caused the collision into Plaintiff's vehicle, pushing it into the curb and damaging both the driver and passenger sides of the vehicle. The collision caused the Plaintiff extensive physical injuries and financial losses. The Roswell Police Department Officer Yorke, T., arrived at the scene of the accident and the Defendant was issued a citation for Improper Lane Change (O.C.G.A. 40-6-123(A)).

7.

The actions of the Defendant as described above constituted carelessness and negligence with respect to the Plaintiff for the following reasons:

(A)     In failing to pay attention to the actions of the traffic around him;

(B)     In making an improper lane change;

(C)     In failing to maintain his lane; and

(D)     In failing to keep his vehicle under control at all times.

2

Said negligence was the proximate cause of financial losses and personal injuries which the Plaintiff suffered on the date of, and subsequent to, the above-referenced collision.

8.

Plaintiff suffered various painful and permanent injuries and was treated at Georgia Spine and Orthopedics and at WellStar North Fulton Hospital by Dr. Magdalen K. Holliger, M.D., and Dr. Dirk C. Schrader, M.D. following the collision.

9.

Plaintiff has incurred significant medical bills, as a direct and proximate result of the negligence of Defendant and reasonable expenses for medical attention necessary for the treatment of Plaintiff's injuries.  Plaintiff will continue in the future to incur like expenses of an unknown amount, the exact amount of which will be proven at the time of trial.

10.

That as a further proximate result of the negligence of Defendant, Plaintiff has endured severe physical pain and suffering and emotional anguish.  Plaintiff's pain and suffering is expected to continue into the future.

11.

But for the negligence of the Defendant, Plaintiff would not have suffered these losses. Because of the actions of Defendant, Plaintiff was instead subjected to a lengthy rehabilitation and recurring pains which persist to the present.

12.

At all times relevant hereto, Defendant, Stanley Faughn was employed by and was an agent of Defendant, Reliable Carriers Inc. Defendant, Reliable Carriers Inc., is vicariously liable for its employee, Stanley Faughn's, negligent acts as he violently struck Plaintiff, Andrea Gordon, as those

acts were committed within the scope of the employee's employment for the purposes of *respondeat superior.*

13.

The above-described acts of Mr. Faughn were committed within the scope of his employment with Defendant Reliable Carriers Inc., in that they were committed while on duty and in furtherance of Defendant, Reliable Carriers Inc. Mr. Faughn was responding to a driving request issued by his employer at the time the accident took place.

14.

As Defendant, Stanley Faughn's, employer, Defendant, Reliable Carriers Inc., is responsible for all of the negligent acts committed by Stanley Faughn within the scope of his employment.

15.

That as a further direct and proximate result of the negligence of the Defendant, the Plaintiff suffered additional minor losses, the amount of which will be proven at the time of trial.

16.

All of the damages and injuries of Plaintiff, as aforesaid, were caused solely, directly, and approximately by the negligence of the Defendant and by the resultant aforementioned collision.

WHEREFORE, Plaintiff respectfully prays that:

1.     Plaintiff have judgment against Defendant in an amount to be determined by the enlightened conscience of a jury for medical expenses, past, present and future; economic loss, including but not limited to, lost wages past and future; and for the extensive physical pain and mental anguish Plaintiff has been subjected to as a direct result of the negligence of said Defendant;

2.     Plaintiff be awarded a trial by jury; and,

3.     Plaintiff have such other relief as this Court deems meet, right and just under the circumstances.

This 4th day of August, 2021.

Respectfully submitted,

AARON N. FREEDMAN
Attorney for Plaintiff
Georgia Bar No.: 300247

Law Offices of Aaron N. Freedman
3740 Davinci Court, Suite 150
Peachtree Corners, GA 30092
(678) 699-6566

State Court of Fulton County
**E-FILED**
21EV004688
8/9/2021 10:37 AM
Christopher G. Scott, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: 21EV004688

Andrea Gordon

424 Preakness Drive

Alpharetta, GA 30022

Plaintiff's Name, Address, City, State, Zip Code

vs.

Stanley Faughn

332 Pleasant Street

Mendon,  MI        49072

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Aaron N. Freedman

Address: 3740 Davinci Court, Suite 150

City, State, Zip Code: Peachtree Corners, GA 30092          Phone No.: 678-699-6566

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

This _____ day of _____, 20_____.          _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

GEORGIA, FULTON COUNTY

**STATE COURT OF FULTON COUNTY**
Civil Division

State Court of Fulton County
**\*\*E-FILED\*\***
21EV004688
8/9/2021 10:37 AM
Christopher G. Scott, Clerk
Civil Division

DO NOT WRITE IN THIS SPACE

CIVIL ACTION FILE #: 21EV004688

Andrea Gordon

424 Preakness Drive

Alpharetta, GA 30022

Plaintiff's Name, Address, City, State, Zip Code

vs.

Reliable Carriers Inc.

41555 Koppernick Road

Canton, MI          48187

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [  ] ACCOUNT | PRINCIPAL $_____ |
| [  ] CONTRACT | |
| [  ] NOTE | INTEREST $_____ |
| [  ] TORT | |
| [  ] PERSONAL INJURY | ATTY. FEES $_____ |
| [  ] FOREIGN JUDGMENT | |
| [  ] TROVER | COURT COST $ _____ |
| [  ] SPECIAL LIEN | |
| | \*\*\*\*\*\*\*\*\*\*\*\* |
| [  ] NEW FILING | |
| [  ] RE-FILING:  PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Aaron N. Freedman

Address: 3740 Davinci Court, Suite 150

City, State, Zip Code: Peachtree Corners, GA 30092          Phone No.: 678-699-6566

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

**SERVICE INFORMATION:**

Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.          _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
21EV004688
8/9/2021 9:31 AM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

**ANDREA GORDON,**                    :
                                      :
    **Plaintiff,**                    :
                                      :
**vs.**                               :    C/A File No. _____
                                      :
**STANLEY FAUGHN and**                :
**RELIABLE CARRIERS INC.,**           :
                                      :
    **Defendant.**

## PLAINTIFF ANDREA GORDON FIRST CONTINUING INTERROGATORIES TO DEFENDANT STANLEY FAUGHN

COMES NOW, ANDREA GORDON, the Plaintiff in the above-styled action, and for the purposes of discovery pursuant to O.C.G.A. § 9-11-33, propounds these Interrogatories to the above-named Defendant. Defendant is required under O.C.G.A. § 9-11-33 to answer these Interrogatories separately and fully in writing and under oath and to serve a copy of said Answers upon the Plaintiff's counsel at 3740 Davinci Court, Suite 150 Peachtree Corners, GA 30092, within forty-five (45) days after date of service.

*NOTE A*:   The Defendant "shall furnish such information as is available to the party." See O.C.G.A. § 9-11-33(a).

*NOTE B*:   These Interrogatories shall be deemed continuing, and supplemental responses shall be required if you or your attorneys obtain further information between the time answers are served and the time of trial as set forth in O.C.G.A. § 9-11-26(e).

*DEFINITIONS*:   When used in the interrogatories, the following words and phrases shall have the meanings set forth below.

- 1 -

(A)     "Defendant(s)", "you", "yours", or any synonym thereof, is intended to and shall embrace and include, in addition to said Defendant, all agents, servants, representatives, private investigators and others who are in a position of or may have obtained information for on behalf of Defendant(s).

(B)     "Persons" shall include all individuals, corporations, sole proprietorships, partnerships, associations, governmental agencies, and all other organizations or entities.

(C)     "Identify" with regard to a person means to state a person's full name, present address and current telephone number and job title as well.  "Identify " with regard to a corporation, company or other business entity means to state the following information: the current complete name of said corporation, the full address of the corporation, the state in which it is currently incorporated, the state in which its primary business structure is located, the name, address and telephone number of its registered agent of service for the State of Georgia - and if no such agent exists for Georgia the registered agent of service for the state in which said corporation's primary business structure is located, and the names and current addresses of all corporate board members.

## INTERROGATORY NUMBER ONE

Please identify yourself including:

A) your full name;

B) your date of birth;

C) your present address, (and the number of years you have lived at this address);

D) your social security number; and,

E) your driver's license number.

### INTERROGATORY NUMBER TWO

List all previous addresses for the past ten years, together with the dates that you resided at each such address, and with whom you resided.

### INTERROGATORY NUMBER THREE

Please list all formal education you have had, including seminars, correspondence courses and on-the-job training.  Identify each school, college or educational facility attended, and state the degrees obtained.

### INTERROGATORY NUMBER FOUR

State the full name of your spouse, if any, at the time of the incident giving rise to this lawsuit, and your spouse at the present time.

### INTERROGATORY NUMBER FIVE

Identify your current employer, your job duties, and identify every other employer for whom you have worked within the last five years.

### INTERROGATORY NUMBER SIX

Please state whether you were involved in duties for an employer at the time of the occurrence in question, and if so, identify that employer.

## INTERROGATORY NUMBER SEVEN

If you have ever been arrested or convicted of any crime or traffic offenses, please specify each such crime and traffic violation.

## INTERROGATORY NUMBER EIGHT

Please state whether at the time of the occurrence in question if you were the titled owner of the vehicle you were driving when it was involved in the collision referred to in the Plaintiff's Complaint. If you were not the titled owner, please specify the current, (or, if unavailable, the last known), name, phone number, address, and automobile insurance carrier of the owner of said vehicle.

## INTERROGATORY NUMBER NINE

State whether or not Defendant has, prior to or subsequent to the incident which is the subject matter of the within action, been involved in any other accidents wherein Defendant was driving a motor vehicle. As to any such incident, state the date of such incident, the location of such incident, whether or not as a result of said incident any charge for traffic violation was made against Defendant and, if so, what the ultimate disposition was of such charge.

## INTERROGATORY NUMBER TEN

On the date of the occurrence in question, please state any restrictions you had on your driver's license, and if there were any violations of these restrictions committed by you at the time of the occurrence complained of in Plaintiff's Complaint.

## INTERROGATORY NUMBER ELEVEN

At the time of the subject occurrence, and providing coverage for same, did a policy or did policies of liability insurance cover you, any member of your family, and any other person, for the vehicle you were driving?  If so, please, for each policy: identify each such insurer, and the insured, state the policy number of the policy, the effective dates thereof, the types of coverage afforded, the policy limits of each, and any amounts already paid out under the above.

## INTERROGATORY NUMBER TWELVE

On the date of the incident did you own or did you have access to a cell phone, and if so, please identify the owner of the cell phone(s), the cell service provider(s), the cell phone number(s) and the billing address of each service provider.

## INTERROGATORY NUMBER THIRTEEN

Please state if you are protected against the type of risk sued hereon by any reinsurance or excess insurance above and beyond any policy identified in the preceding Interrogatory. If so, for each such policy, please identify the insurer and all insureds pertinent to the case at hand, and give the number of the policy, and the date and effective period of the policy.  If any of the aforesaid insurance companies handling your defense are under any reservation of rights or non-waiver agreement, please identify each company, the number of the policy involved and the grounds for this reservation.

## INTERROGATORY NUMBER FOURTEEN

Please state the nature and extent of damages sustained by the vehicle you were in at the time

of the occurrence complained of in this case noting whether the vehicle was totaled or repaired, and if repaired, the cost of the repairs.

<u>INTERROGATORY NUMBER FIFTEEN</u>

State whether or not the Defendant had any drugs, either prescription or non-prescription, and/or beverages of an alcoholic nature to drink, within a twenty-four-hour period immediately prior to the subject incident.  If your answer is in the affirmative, state the type of alcoholic beverage and/or drugs consumed, the amount of alcoholic beverage and/or drug consumed, the reason each such beverage and/or drug was consumed, and when each such alcoholic beverage and/or drug was consumed.

<u>INTERROGATORY NUMBER SIXTEEN</u>

Please state whether in the week prior to the incident in question if you had any mechanical problems whatsoever with the vehicle you were driving, and if so, please list any such problems.

<u>INTERROGATORY NUMBER SEVENTEEN</u>

State in detail and with particularity how you contend the incident occurred, which forms the subject matter of Plaintiff's Complaint.

<u>INTERROGATORY NUMBER EIGHTEEN</u>

Describe in detail what you did after you first observed the other vehicle until the moment of collision.

<u>INTERROGATORY NUMBER NINETEEN</u>

Please state whether just before or at the point of the collision in question any of the

following were occurring in your vehicle: (l) the radio was on; (2) you were conversing with or listening to another person; (3) you were smoking; (4) you were using a cellular telephone;  (5) you were looking at any particular object such as a road sign, a pedestrian, etc.

<u>INTERROGATORY NUMBER TWENTY</u>

With reference to the trip you were taking at the time of the accident herein, please state where and when it began and where and when it was scheduled to end, the stops you had made prior to the collision, and the stops which you intended to make over the uncompleted part of your trip.

<u>INTERROGATORY NUMBER TWENTY-ONE</u>

Please state whether you received any citation(s) for any traffic offense as a result of the occurrence referenced in Plaintiff's Complaint, and if so, please state the specific charge(s) for each citation, the Court in which each citation was designated to be heard, and how you pled to each citation.

<u>INTERROGATORY NUMBER TWENTY-TWO</u>

If, in answer to the preceding interrogatory you stated that you pled "not guilty" or "nolo" to any citation you received as a result of the incident referenced in Plaintiff's Complaint, please state the outcome of any hearing with reference to such plea, including the finding of the Court, the amount of any fine and/or penalty imposed by the Court, and whether all or part of any such fine and/or penalty has been paid.

<u>INTERROGATORY NUMBER TWENTY-THREE</u>

Please identify all witnesses known by you to have seen or claimed to have seen all or any part of the occurrence complained of in this action.

INTERROGATORY NUMBER TWENTY-FOUR

Please state the names, addresses, home telephone numbers, places of employment, and present whereabouts of all witnesses known to you who arrived at the scene of the occurrence complained of in this action either immediately or shortly thereafter

INTERROGATORY NUMBER TWENTY-FIVE

Please state whether you had any conversation with the Plaintiff at the time of or following this occurrence, and if so, please state the nature of the conversation and the statements, if any, that were made by you and by the Plaintiff.

INTERROGATORY NUMBER TWENTY-SIX

Describe with reasonable particularity all photographs, charts, diagrams, videotapes, maps, measurements, surveys, and other such illustrations of any person, place or thing involved in this lawsuit, giving the date each was made and identifying the person(s) with possession, custody or control of each item.

INTERROGATORY NUMBER TWENTY-SEVEN

Please state any vision problem(s) you were having on the date of the incident, when you first noticed the problem(s) and the course of action you took in response to the problem(s).

INTERROGATORY NUMBER TWENTY-EIGHT

Please state any visual problem(s) you have or previously had, including formal and informal diagnosis from medical professionals. Include the first date of the diagnosis or the date you first

noticed the problem(s) and how long the problem(s) has lasted.

## INTERROGATORY NUMBER TWENTY-NINE

Please state any medical treatments, surgeries or medications currently or previously taken in regard to any visual problem(s) you have experienced including, but not limited to prescription medications, over the counter medications, home remedies, and/or any medications you were taking on or about the date of incident. Please state the dates of such treatments, surgeries and the quantity of medication, date and time the medications were ingested.

## INTERROGATORY NUMBER THIRTY

Please state whether medical professionals advised you that you should not have been operating a motor vehicle at the time of or prior to the occurrence of the incident. Please list the name(s) of the medical professional(s) including full contact information and the reason(s) you were advised against operating a motor vehicle during the time of the incident.

## INTERROGATORY NUMBER THIRTY- ONE

Please state whether or not you wear, have previously worn, or are supposed to wear prescription glasses, contacts or sunglasses, and whether you were wearing them on the date of the incident, and if not, the reason(s) you were not wearing them.

## INTERROGATORY NUMBER THIRTY- TWO

Please state whether or not you have retained or consulted with individuals holding themselves to be expert witnesses with regard to any of the issues in this case, and if so, please identify, along with their qualifications, each such expert witness.

- 9 -

## INTERROGATORY NUMBER THIRTY-THREE

If you feel that Plaintiff was negligent or assumed a risk in the incident in question please state explicitly and in reasonable detail all ways in which you contend that the Plaintiff was negligent, contributorily negligent, assumed a dangerous risk, or breached any duty with respect to the incident giving rise to this lawsuit and give a summary of the facts which support these contentions.

## INTERROGATORY NUMBER THIRTY- FOUR

If Defendant is claiming that the incident which is the subject of Plaintiff's Complaint occurred as a result of the negligence or actions of others for whose acts this Defendant is not responsible, please identify the party or parties who Defendant claims is responsible and the specific action(s) or failure to act which constituted said party's negligence with respect to this.

## INTERROGATORY NUMBER THIRTY- FIVE

If you have stated a defense in your Answer that Plaintiff's Complaint fails to state a claim against Defendant for which relief can be granted, please state in detail the specific grounds, statutory or otherwise, upon which Defendant finds that Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

## INTERROGATORY NUMBER THIRTY- SIX

Please state whether or not you find venue is proper in this case.  If you are denying that venue is proper in this case, please state in detail both the legal and factual bases for your position.

<u>INTERROGATORY NUMBER THIRTY- SEVEN</u>

Please state whether or not you find service of process is proper in this case.  If you are denying that service of process is proper, please state in detail both the legal and factual bases for your position.

<u>INTERROGATORY NUMBER THIRTY- EIGHT</u>

Please state whether or not you claim that this case is barred by an appropriate Statute of limitations.  If you are raising a Statute of Limitations defense, please state both the legal and factual bases for your position.

This 4th day of August, 2021.

Respectfully Submitted,

AARON N. FREEDMAN
Attorney for Plaintiff
Georgia Bar No.: 300247

Law Office of Aaron N. Freedman
3740 Davinci Court, Suite 150
Peachtree Corners, GA 30092
Telephone 678-699-6566

- 11 -

State Court of Fulton County
**E-FILED**
21EV004688
8/9/2021 9:31 AM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

ANDREA GORDON,                    )
                                  )
        Plaintiff,                )
v.                                )        CIVIL ACTION NO.:
                                  )
STANLEY FAUGHN and                )
RELIABLE CARRIERS INC.,           )
                                  )
        Defendants.               )

## PLAINTIFF ANDREA GORDON'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT RELIABLE CARRIERS INC.

COMES NOW, Andrea Gordon, the Plaintiff in the above-styled action, and for the purposes of discovery pursuant to O.C.G.A. § 9-11-33, propounds these Interrogatories to the above-named Defendants. The Defendants are required under O.C.G.A. § 9-11-33 to answer these Interrogatories separately and fully in writing and under oath and to serve a copy of said Answers upon the Plaintiff's counsel at 3740 Davinci Court, Suite 150, Peachtree Corners, GA 30092, within forty-five (45) days after date of service.

***NOTE A***:  The Defendant "shall furnish such information as is available to the party." See O.C.G.A. § 9-11-33(a).

***NOTE B***:  These Interrogatories shall be deemed continuing, and supplemental responses shall be required if you or your attorneys obtain further information between the time answers are served and the time of trial as set forth in O.C.G.A. § 9-11-26(e).

***DEFINITIONS***:  When used in the interrogatories, the following words and phrases shall have the meanings set forth below.

(A)     "Defendant(s)", "you", "yours", or any synonym thereof, is intended to and shall embrace and include, in addition to said Defendant, all agents, servants, representatives, private

1

investigators and others who are in a position of or may have obtained information on behalf of Defendant(s).

(B)    "Persons" shall include all individuals, corporations, sole proprietorships, partnerships, associations, governmental agencies, and all other organizations or entities.

(C)    "Identify" with regard to a person means to state a person's full name, present address and current telephone number and job title as well.  "Identify " with regard to a corporation, company or other business entity means to state the following information: the current complete name of said corporation, the full address of the corporation, the state in which it is currently incorporated, the state in which its primary business structure is located, the name, address and telephone number of its registered agent of service for the State of Georgia - and if no such agent exists for Georgia the registered agent of service for the state in which said corporation's primary business structure is located, and the names and current addresses of all corporate board members.

<u>INTERROGATORY NUMBER ONE</u>

Please identify yourself including:

A) the full company name;

B) the date of incorporation;

C) the company's present address and the Registered Agent's current address;

D) your employer identification number

<u>INTERROGATORY NUMBER TWO</u>

State the full name of the owner of Reliable Carriers, Inc. at the present time and at the time of the occurrence complained of in Plaintiff's complaint.

<u>INTERROGATORY NUMBER THREE</u>

Describe the corporate structure of Reliable Carries Inc. including its hierarchical employee

structures, and its relationship to all parent companies, subsidiaries, and related corporations.

### INTERROGATORY NUMBER FOUR

Describe the application and hiring process used for Stanley Faughn, including whether any drug testing, background checks, interviews, licensing and insurance documentation reviews, driving tests were performed, and the results and findings of each.

### INTERROGATORY NUMBER FIVE

Describe all company-mandated or legally-mandated education or training requirements for the Semi Truck drivers and other employees in Stanley Faughn's position, and whether Stanley Faughn fulfilled those requirements.

### INTERROGATORY NUMBER SIX

State whether there exists any protocols, procedures, guidelines, standards, or policy manual(s) to govern or guide your agents, servants and/or employees, such as Stanley Faughn, in the exercise of their duties in October, 2019.

### INTERROGATORY NUMBER SEVEN

If the above Interrogatory is answered in the affirmative, state whether your agents, servants, and/or employees followed these protocols, procedures, guidelines, standards, or policy manual(s) in the exercise of their duties on or about February 5, 2017 and if not, please explain in detail why they were not followed.

### INTERROGATORY NUMBER EIGHT

Identify each manager, supervisor, operator, driver, dispatcher, receptionist, secretary and other employee, agent, and/or servant who was on duty within the 48 hours prior to and after the collision who had any interaction or supervisory responsibilities with Stanley Faughn, indicating the nature of your relationship (i.e. agent, servant, and/or employee) with each such person, job position

- 3 -

and duties at the time of the occurrence and at present.

### INTERROGATORY NUMBER NINE

Describe the circumstances surrounding all disciplinary proceedings, including verbal warnings, written warnings and other discipline, directed toward Stanley Faughn since the beginning of his employment. Include the final outcome of all discipline.

### INTERROGATORY NUMBER TEN

Identify each person who has given you or your agents, servants and/or employees a signed, written, tape recorded or oral statement concerning the circumstances of this case, including the names, addresses and telephone numbers of each such person.

### INTERROGATORY NUMBER ELEVEN

Describe all written and verbal statements given by you, your employees, agents, servants, representatives or witnesses regarding the collision involving Andrea Gordon.

### INTERROGATORY NUMBER TWELVE

State the names and addresses of all experts whom you intend to call as witnesses at the trial of this matter. If any have prepared a report of his or her findings, please attach a copy of the report to your answers to these interrogatories. In addition, please state the subject matter upon which each such expert is expected to testify, the substance of the facts and opinions to which each such expert is expected to testify, and provide a summary of the grounds for each opinion.

### INTERROGATORY NUMBER THIRTEEN

If you have within your control or possession photographs, video, pictures, imaging, plats, diagrams, or drawings of the scene, objects, or persons connected with the occurrence, and/or videotapes regarding any element of Plaintiffs' claims, set forth a description of same and describe the contents of any such item, or the like, the dates created, and the identity of the person or persons

creating them; and attach a copy to your answers to interrogatories.

## INTERROGATORY NUMBER FOURTEEN

Give a complete statement of the facts as to how you contend that the occurrence took place including the exact location of the occurrence, the direction in which all operators were proceeding, and the speed at which all operators were proceeding.

## INTERROGATORY NUMBER FIFTEEN

If it is your contention that Andrea Gordon's injuries on October 8, 2019 were caused in whole or in part by some person or persons other than your agents, servants and/or employees, including Andrea Gordon, please identify each such person and act or omission.

## INTERROGATORY NUMBER SIXTEEN

Identify all written communications, including internal minutes of all meetings and notes therefrom, subsequent to Andrea Gordon's accident and/or relating to Stanley Faughn, regarding safety procedures and vehicle operations at Reliable Carriers Inc.

## INTERROGATORY NUMBER SEVENTEEN

Please identify all individuals who have or have had any responsibilities, including administrative and investigative, arising out of Andrea Gordon's accident. In connection therewith, please state the name of each and every such individual and set forth their current positions with or relationship to Reliable Carriers Inc.

## INTERROGATORY NUMBER EIGHTTEEN

If a report about this occurrence was made by you or your agent, servant or employee in the ordinary course of business, including, but not limited to, an incident report or quality assurance report, provide the date of each report and identify the person or persons who made each report and the persons who presently have custody of each report.

- 5 -

## INTERROGATORY NUMBER NINETEEN

Please state the factual basis for each affirmative and negative defense in your Answer, including any amendments thereto.

## INTERROGATORY NUMBER TWENTY

Identify each and every written instrument upon which a claim or defense is founded.

## INTERROGATORY NUMBER TWENTY-ONE

State the substance of all discussions concerning the occurrence that you or your agents, servants and/or employees or others in your presence had with any party to this case. State when and where each discussion took place and identify all persons who were present.

## INTERROGATORY NUMBER TWENTY-TWO

Describe in detail any property damage to Stanley Faughn's vehicle as a result of this collision, as well as the chain of custody of any such property from the time of the collision to the present.

## INTERROGATORY NUMBER TWENTY-THREE

For each person identified in your Answers to Interrogatories who at one time was, but no longer is, your agent, servant and/or employee, please provide the date and reason for termination and a current address (or if a current address is unknown, provide the last known address).

## INTERROGATORY NUMBER TWENTY-FOUR

Identify every person and their last known address not otherwise identified in your Answers to these Interrogatories, including eyewitnesses to all or part of the occurrence, who has personal knowledge of any facts material to this case and generally describe or summarize these facts each person possesses which are material to this claim.

## INTERROGATORY NUMBER TWENTY-FIVE

Please provide the caption, court, case number, date of filing, and name of plaintiff in all cases filed against you or your agents, servants, and/or employees arising from this occurrence and in all cases filed arising from the acts or omissions of Stanley Faughn while in the course of his employment, as well as the current status and final outcome of each.

## INTERROGATORY NUMBER TWENTY-SIX

Please provide the caption, court, case number, date of filing, and name of plaintiff in all cases filed against you or your agents, servants, and/or employees and in all cases filed arising from the acts or omissions of you or your agents, servants, and/or employees while in the course of their employment, as well as the current status and final outcome of each.

## INTERROGATORY NUMBER TWENTY-SEVEN

Describe the all equipment on board the automobile with vehicle identification number (VIN) 1XKWD49X1GR103329 capable of providing tracking and speed information on the vehicle, sending and/or receiving communications (whether by wireless, radio, instant messaging, or other means), and designed to alert the driver of potentially dangerous proximity to outside objects.

## INTERROGATORY NUMBER TWENTY-EIGHT

Describe the course of the automobile with vehicle identification number (VIN) 1XKWD49X1GR103329 for the 48 hours prior to the collision on October 8, 2019, including city and state of location, whether the vehicle was traveling or stationary, from where the vehicle was proceeding and the vehicle's intended destination.

## INTERROGATORY NUMBER TWENTY-NINE

Identify every employee, current and previously employed at the time of this incident. Please list whether they are still employed, their mailing address and telephone number and job title.

## INTERROGATORY NUMBER THIRTY

At the time of the subject occurrence, and providing coverage for same, did a policy or did policies of liability insurance cover you, any of your employees, agents, servants, and/or any other person, for any injuries that may arise. If so, please, for each policy: identify each such insurer, and the insured, state the policy number of the policy, the effective dates thereof, the types of coverage afforded, the policy limits of each, and any amounts already paid out under the above.

## INTERROGATORY NUMBER THIRTY-ONE

Please state if you are protected against the type of risk sued hereon by any reinsurance or excess insurance above and beyond any policy identified in the preceding Interrogatory. If so, for each such policy, please identify the insurer and all insureds pertinent to the case at hand, and give the number of the policy, and the date and effective period of the policy.  If any of the aforesaid insurance companies handling your defense are under any reservation of rights or non-waiver agreement, please identify each company, the number of the policy involved and the grounds for this reservation.

## INTERROGATORY NUMBER THIRTY-TWO

State whether or not there are any surveillance cameras inside the Stanley Faughn's vehicle and if so, the exact location of those cameras and whether they were in working order on the date of the occurrence.

## INTERROGATORY NUMBER THIRTY-THREE

Describe with reasonable particularity all photographs, charts, diagrams, videotapes, maps, measurements, surveys, and other such illustrations of any person, place or thing involved in this lawsuit, giving the date each was made and identifying the person(s) with possession, custody or control of each item.

<u>INTERROGATORY NUMBER THIRTY-FOUR</u>

Please identify all witnesses known by you to have seen or claimed to have seen all or any part of the occurrence complained of in this action.

<u>INTERROGATORY NUMBER THIRTY-FIVE</u>

Please state the names, addresses, home telephone numbers, places of employment, and present whereabouts of all witnesses known to you who arrived at the scene of the occurrence complained of in this action either immediately or shortly thereafter.

<u>INTERROGATORY NUMBER THIRTY-SIX</u>

Please state whether you, or any person present at the scene of the accident, had any conversation with the Plaintiff at the time of or following this occurrence, and if so, please state the nature of the conversation and the statements, if any, that were made by you and by the Plaintiff.

<u>INTERROGATORY NUMBER THIRTY-SEVEN</u>

Please state whether or not you have retained or consulted with individuals holding themselves to be expert witnesses with regard to any of the issues in this case, and if so, please identify, along with their qualifications, each such expert witness.

<u>INTERROGATORY NUMBER THIRTY-EIGHT</u>

If you feel that Plaintiff was negligent or assumed a risk in the incident in question, please state explicitly and in reasonable detail all ways in which you contend that the Plaintiff was negligent, contributorily negligent, assumed a dangerous risk, or breached any duty with respect to the incident giving rise to this lawsuit and give a summary of the facts which support these contentions.

## INTERROGATORY NUMBER THIRTY-NINE

If Defendant is claiming that the incident which is the subject of Plaintiff's Complaint occurred as a result of the negligence or actions of others for whose acts this Defendant is not responsible, please identify the party or parties who Defendant claims is responsible and the specific action(s) or failure to act which constituted said party's negligence with respect to this.

## INTERROGATORY NUMBER FORTY

If you have stated a defense in your Answer that Plaintiff's Complaint fails to state a claim against Defendant for which relief can be granted, please state in detail the specific grounds, statutory or otherwise, upon which Defendant finds that Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

## INTERROGATORY NUMBER FORTY-ONE

Please state whether or not you find venue is proper in this case.  If you are denying that venue is proper in this case, please state in detail both the legal and factual bases for your position.

## INTERROGATORY NUMBER FORTY-TWO

Please state whether or not you find service of process is proper in this case.  If you are denying that service of process is proper, please state in detail both the legal and factual bases for your position

## INTERROGATORY NUMBER FORTY-THREE

Please state whether or not you claim that this case is barred by an appropriate Statute of limitations.  If you are raising a Statute of Limitations defense, please state both the legal and factual bases for your position.

Respectfully Submitted,

AARON N. FREEDMAN
Attorney for Plaintiff
Georgia Bar No.: 300247

Law Office of Aaron N. Freedman
3740 Davinci Court, Suite 150
Peachtree Corners, GA 30092
Telephone 678-699-6566

- 11 -

State Court of Fulton County
**E-FILED**
21EV004688
8/9/2021 9:31 AM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| ANDREA GORDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| STANLEY FAUGHN and | ) | |
| RELIABLE CARRIERS INC., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF ANDREA GORDON'S REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANT STANLEY FAUGHN

COMES NOW, the Plaintiff herein and files this Request for Production of Documents pursuant to Official Code of Ga. § 9-11-34 and requires the above-named Defendant to comply with said Code Section as follows by producing and permitting counsel for Plaintiff to inspect and copy each of the following documents within forty-five (45) days after service hereof. In lieu of this, you may attach copies thereof to your answers to these Requests. Plaintiff's attorney is willing to pay for any reasonable costs involved in complying with these Requests.

*DEFINITIONS:*

(A)   When used herein, the term "vehicle" refers to that motor vehicle driven by the Defendant and described more fully in Plaintiff's Complaint.

(B)   When used herein, the term "you" or "your" shall refer to Defendants.

(C)   When used herein, the term "accident," "collision" or "occurrence" shall not refer to an unavoidable event or sequence of such events, but shall refer to that event more fully described in Plaintiff's Complaint wherein Plaintiff suffered personal and physical injuries as a result of being within the zone of collision with the motor vehicle driven by Defendant.

- 1 -

(D)    When used herein, the term "drug" shall refer to and include prescribed medications, over-the-counter medicines or medications, dangerous drugs, or controlled substances.

(E)    As used herein, "documents" shall mean, but without limitation: every writing or record of every type and description that is or has been in the possession, control, or custody of Defendant or of which Defendant has knowledge, including without limitation, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, photographs, voice recordings, maps, reports or films.

1.

Copies of any statements, whether recorded, oral or otherwise, in your control which were obtained from the Defendant.

2.

All photographs, sketches, videotapes, or other drawings made of the vehicles involved in the accident, of the scene of the occurrence, of Defendant or of any other person or of anything else pertaining to this litigation.  You may mail photocopies of same in lieu of the originals if the same are legible.

3.

A copy of any citation you may have received as a result of this accident.

4.

A copy of any transcript of the traffic court hearing or any other judicial or quasi-judicial hearing related to the accident giving rise to the within Plaintiff's Complaint.

5.

Copies of any written, recorded or other statement or report obtained by you from any other party or witness to the accident complained of in the Complaint, or from any expert witness who has

any knowledge or information relating to the accident complained of in the Complaint.

6.

The original or copy of any insurance policy which provided benefits to you pursuant to the Georgia Motor Vehicle Accident Reparations Act, (Georgia Laws 1974, p. 113, et seq. as amended), in connection with the occurrence which is the subject matter of Plaintiff's Complaint.

7.

A copy of your driver's license as of the date of the accident in question.

8.

A copy of your current driver's license.

9.

All documents evidencing written or oral communications between Defendant or any agent or employee of Defendant and Plaintiff or any agents or employees of Plaintiff.

10.

All claims, claims reports, notices, or other documents or correspondence Defendant has submitted to any insurance company with respect to the occurrence in question in this case.

11.

All expert reports prepared at the direction of Defendant to establish liability or damages in this case.

12.

Any and all other documents, records, books, medical treaties, etc. relied upon by Defendant to establish liability in this case.

13.

Any other documents, books, records, etc. relied upon in preparing responses to Plaintiff's

interrogatories.

14.

Copies of all documentary evidence not included in the list above described which is relevant to any issue in this case which might lead to the production of other evidence which is admissible.

This 4th day of August, 2021.

Respectfully Submitted,

AARON N. FREEDMAN
Attorney for Plaintiff
Georgia Bar No.: 300247

The Law Office of Aaron N. Freedman
3740 Davinci Court, Suite 150
Peachtree Corners, GA 30092
(678)-699-6566

- 4 -

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

ANDREA GORDON,                    )
                                  )
              Plaintiff,          )
v.                                )        CIVIL ACTION NO.:
                                  )
STANLEY FAUGHN and                )
RELIABLE CARRIERS INC.,           )
                                  )
              Defendants.         )

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing **Plaintiff's Request for the Production of Documents to Defendant and Plaintiff's First Continuing Interrogatories to the Defendant** by U.S. Mail with adequate postage affixed thereon to:

Stanley Faughn
332 Pleasant Street
Mendon, MI 49072

Reliable Carriers, Inc.
41555 Koppernick Road
Canton, MI 48187

This 4th day of August, 2021.

AARON N. FREEDMAN
Attorney for Plaintiff
Georgia Bar No.: 300247

The Law Office of Aaron N. Freedman
3740 Davinci Court, Suite 150
Peachtree Corners, GA 30092
(678)-699-6566

- 5 -

**State Court of Fulton County**
**\*\*E-FILED\*\***
**21EV004688**
**8/9/2021 9:31 AM**
**Christopher G. Scott, Clerk**
**Civil Division**

# IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

ANDREA GORDON,                                    )
                                                  )
        Plaintiff,                         )
v.                                                )          CIVIL ACTION NO:
STANLEY FAUGHN and                                )
RELIABLE CARRIERS INC.,                           )
                                                  )
        Defendants.                        )

## PLAINTIFF ANDREA GORDON'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT RELIABLE CARRIERS INC.

COMES NOW, the Plaintiff herein and files this Request for Production of Documents pursuant to Official Code of Ga. § 9-11-34 and requires the above-named Defendant to comply with said Code Section as follows by producing and permitting counsel for Plaintiff to inspect and copy each of the following documents within forty-five (45) days after service hereof. In lieu of this, you may attach copies thereof to your answers to these Requests. Plaintiff's attorney is willing to pay for any reasonable costs involved in complying with these Requests.

### *DEFINITIONS:*

(A)   When used herein, the term "vehicle" refers to that motor vehicle driven by the Defendant and described more fully in Plaintiff's Complaint.

(B)   When used herein, the term "you" or "your" shall refer to Defendants.

(C)   When used herein, the term "accident," "collision" or "occurrence" shall not refer to an unavoidable event or sequence of such events, but shall refer to that event more fully described in Plaintiff's Complaint wherein Plaintiff suffered personal and physical injuries as a result of being within the zone of collision with the motor vehicle driven by Defendant.

(D)   When used herein, the term "drug" shall refer to and include prescribed medications, over-the-

1

counter medicines or medications, dangerous drugs, or controlled substances.

(E)      As used herein, "documents" shall mean, but without limitation: every writing or record of every type and description that is or has been in the possession, control, or custody of Defendant or of which Defendant has knowledge, including without limitation, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, photographs, voice recordings, maps, reports or films.

1.

Copies of any documentation used and executed during the application and hiring process for Stanley Faughn, including any documentation showing the results and findings of any drug testing, background checks, interview documents, licensing and insurance documentation reviews, and driving tests.

2.

Copies of all company-mandated or legally-mandated education or training requirements for the Reliable Carriers Inc. drivers and other employees in Stanley Faughn's position, and copies of all such documents involving Stanley Faughn.

3.

Copies of all written protocols, procedures, guidelines, standards, or policy manual(s) that govern or guide your agents, servants and/or employees, such as Stanley Faughn, in the exercise of their duties in October, 2019.

4.

Copies of documentation demonstrating whether your agents, servants, and/or employees followed these protocols, procedures, guidelines, standards, or policy manual(s) in the exercise of their duties on or about October 8, 2019.

- 2 -

5.

Copies of all disciplinary proceedings, including verbal/recorded warnings, written warnings and other discipline, directed toward Stanley Faughn since the beginning of his employment. Include copies showing the final outcome of all discipline.

6.

Copies of any written, recorded or other statement or report obtained by you from any other party or witness to the accident complained of in the Complaint, or from any expert witness who has any knowledge or information relating to the accident complained of in the Complaint.

7.

Copies of all written and verbal statements given by you, your employees, agents, servants, representatives or witnesses regarding the collision involving Andrea Gordon.

8.

Copies of all reports prepared by all of the experts whom you intend to call as witnesses at the trial of this matter.

9.

If you have within your control or possession photographs, video, pictures, imaging, plats, diagrams, or drawings of the scene, objects, or persons connected with the occurrence, and/or videotapes regarding any element of Plaintiffs' claims, set forth a description of same and describe the contents of any such item, or the like, the dates created, and the identity of the person or persons creating them; provide copies of all the aforementioned items.

10.

Copies of all written communications, including internal minutes of all meetings and notes therefrom, subsequent to Andrea Gordon's accident and/or relating to Stanley Faughn, regarding

safety procedures and vehicle operations at Reliable Carriers Inc.

11.

If a report about this occurrence was made by you or your agent, servant or employee in the ordinary course of business, including, but not limited to, an incident report or quality assurance report, provide copies of all reports.

12.

Provide copies of each and every written instrument upon which a claim or defense is founded.

13.

Provide copies of all written or recorded discussions concerning the occurrence that you or your agents, servants and/or employees or others in your presence had with any party to this case.

14.

Provide pictures or written reports concerning any property damage to Stanley Faughn's vehicle as a result of this collision.

15.

Please provide copies of all documentation concerning all cases filed against you or your agents, servants, and/or employees arising from this occurrence and in all cases filed arising from the acts or omissions of Stanley Faughn while in the course of his employment.

16.

Please provide copies of all documentation concerning all cases filed against you or your agents, servants, and/or employees and in all cases filed arising from the acts or omissions of you or your agents, servants, and/or employees while in the course of their employment.

17.

Provide copies of the jobs issued to Stanley Faughn and the course of the automobile with

- 4 -

vehicle identification number (VIN) 1XKWD49X1GR103329 for the 48 hours prior to the collision on October 8, 2019.

18.

The original or copy of any insurance policy which provided benefits to you or any of your agents pursuant to the Georgia Motor Vehicle Accident Reparations Act, (Georgia Laws 1974, p. 113, et seq. as amended), in connection with the occurrence which is the subject matter of Plaintiff's Complaint.

20.

Provide recordings of any State any surveillance cameras inside Stanley Faughn's vehicle.

21.

Copies of all photographs, charts, diagrams, videotapes, maps, measurements, surveys, and other such illustrations of any person, place or thing involved in this lawsuit, giving the date each was made and identifying the person(s) with possession, custody or control of each item.

22.

Transcripts, notes, or copies of any conversations made by you or one of your agents with the Plaintiff at the time of or following this occurrence.

Respectfully Submitted,

AARON N. FREEDMAN
Attorney for Plaintiff
Georgia Bar No.: 300247

Law Office of Aaron N. Freedman
3740 Davinci Court, Suite 150
Peachtree Corners, GA 30092
Telephone 678-699-6566                                    - 5 -

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

ANDREA GORDON,                          )
                                        )
          Plaintiff,                    )
v.                                      )          CIVIL ACTION NO.:
                                        )
STANLEY FAUGHN and                      )
RELIABLE CARRIERS INC.,                 )
                                        )
          Defendants.                   )

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing **Plaintiff's Request for the Production of Documents to Defendant and Plaintiff's First Continuing Interrogatories to the Defendant** by U.S. Mail with adequate postage affixed thereon to:

Stanley Faughn
332 Pleasant Street
Mendon, MI 49072

Reliable Carriers, Inc.
41555 Koppernick Road
Canton, MI 48187

This 4th day of August, 2021.

AARON N. FREEDMAN
Attorney for Plaintiff
Georgia Bar No.: 300247

The Law Office of Aaron N. Freedman
3740 Davinci Court, Suite 150
Peachtree Corners, GA 30092
(678)-699-6566

- 5 -

State Court of Fulton County
**E-FILED**
21EV004688
8/9/2021 9:31 AM
Christopher G. Scott, Clerk
Civil Division

# IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **ANDREA GORDON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **C/A File No.** |
| | : | |
| **STANLEY FAUGHN and** | : | |
| **RELIABLE CARRIERS INC.,** | : | |
| | : | |
| **Defendant.** | | |

### 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

This is to certify that I have this day served a copy of the within and foregoing, **Plaintiff's Complaint, Plaintiff's Request for the Production of Documents to Defendant, Plaintiff's First Continuing Interrogatories to the Defendant, and Summons** by Sheriff's Marshall of Service and U.S. Mail with adequate postage affixed thereon to:

Stanley Faughn
332 Pleasant Street
Mendon, MI 49072

Reliable Carriers Inc.
41555 Koppernick Road
Canton, MI 48187

This 4th day of August, 2021.

AARON N. FREEDMAN
Attorney for Plaintiff
Georgia Bar No.: 300247

The Law Office of Aaron N. Freedman
3740 Davinci Court, Suite 150
Peachtree Corners, GA 30092
(678)-699-6566

State Court of Fulton County
**E-FILED**
21EV004688
8/24/2021 12:12 PM
Christopher G. Scott, Clerk
Civil Division

### AFFIDAVIT OF SERVICE

| | | | |
|---|---|---|---|
| **Case:**<br>21EV004688 | **Court:**<br>STATE | **County:**<br>FULTON, GA | **Job:**<br>5987806 |
| **Plaintiff / Petitioner:**<br>ANDREA GORDON | | **Defendant / Respondent:**<br>RELIABLE CARRIERS INC. | |
| **Received by:**<br>Erica Williams | | **For:**<br>AARON FREEDMAN | |
| **To be served upon:**<br>RELIABLE CARRIERS INC. | | | |

I, Erica Williams, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   RELIABLE CARRIERS INC., RELIABLE CARRIERS INC.: 41555 KOPPERNICK RD, CANTON, MI 48187-2415

**Manner of Service:**   Personal/Individual, Aug 18, 2021, 12:53 pm EDT

**Documents:**   SUMMONS; COMPLAINT FOR DAMAGES; PLAINTIFF ANDREA GORDON'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT RELIABLE CARRIERS INC.; PLAINTIFF ANDREA GORDON'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDEANT RELIABLE CARRIERS INC.; 5.2 CERTIFICATE OF SERVICE OF DISCOVERY (Received Aug 9, 2021 at 2:44pm EDT), Reliable Carriers 8-9-2021 COMPLAINT.pdf (Received Aug 9, 2021 at 2:44pm EDT), RELIABLE CARRIERS-8-9-2021 PRODUCTION OF DOCUMENTS.pdf (Received Aug 9, 2021 at 2:44pm EDT), RELIABLE CARRIERS 8-9-2021 5.2 CERTIFICATE OF SERVICE OF DISCOVERY.pdf (Received Aug 9, 2021 at 2:44pm EDT), RELIABLE CARRIERS 8-9-2021 PLAINTIFF INTERROGATORIES.pdf (Received Aug 9, 2021 at 2:44pm EDT)

**Additional Comments:**
1) Unsuccessful Attempt: Aug 14, 2021, 9:11 am EDT at RELIABLE CARRIERS INC.: 41555 KOPPERNICK RD, CANTON, MI 48187-2415 they are closed

2) Successful Attempt: Aug 18, 2021, 12:53 pm EDT at RELIABLE CARRIERS INC.: 41555 KOPPERNICK RD, CANTON, MI 48187-2415 received by RELIABLE CARRIERS INC..
General manager Andrew Keilah, accepted service

Erica Williams   08/21/2021   **Date**

GSL PROCESS
P.O. Box 883
Chattanooga, TN. 37401
423-228-0272

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

8/21/2021   6/16/2026

Date   **Commission Expires**

MIGUEL D. BRUCE
NOTARY PUBLIC, STATE OF MI
COUNTY OF WAYNE
MY COMMISSION EXPIRES Jun 16, 2026
ACTING IN COUNTY OF WAYNE

**State Court of Fulton County**
**\*\*E-FILED\*\***
**21EV004688**
**9/17/2021 12:37 PM**
**Christopher G. Scott, Clerk**
**Civil Division**

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ANDREA GORDON, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. 21EV004688 |
| v. | ) | |
| | ) | |
| STANLEY FAUGHN and RELIABLE | ) | |
| CARRIERS INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT STANLEY FAUGHN'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW defendant Stanley Faughn, by way of special appearance, without waiving and specifically reserving all jurisdictional and other available defenses, and answers plaintiff's complaint for damages as follows:

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Responding to the specifically numbered paragraphs of plaintiff's complaint, Mr. Faughn answers as follows:

1.

Mr. Faughn is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

2.

Responding to the allegations in this paragraph of the complaint, Mr. Faughn admits he resides at the stated address and may be served according to law.  Except as expressly admitted, Mr. Faughn denies the allegations in this paragraph of the complaint.

3.

Mr. Faughn is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

4.

Mr. Faughn is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

5.

Responding to the allegations in this paragraph of the complaint, Mr. Faughn admits he was driving a 2016 Kenworth tractor and pulling a trailer ("subject tractor-trailer") on the date in question and attempted to make a right turn at the subject intersection.  Except as expressly admitted, Mr. Faughn denies the allegations in this paragraph of the complaint.

6.

The allegations in this paragraph of the complaint relating to a citation are irrelevant, immaterial, and impertinent and, therefore, should be stricken pursuant to O.C.G.A. § 9-11-12(f).  To the extent a response is required, Mr. Faughn admits he was cited.  Except as expressly admitted, Mr. Faughn denies the allegations in this paragraph of the complaint.

7.

Mr. Faughn denies the allegations in this paragraph of the complaint, including those set forth in sub-paragraphs (A) through (D).

8.

Mr. Faughn is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

9.

Mr. Faughn denies the allegations in this paragraph of the complaint.

10.

Mr. Faughn denies the allegations in this paragraph of the complaint.

11.

Mr. Faughn denies the allegations in this paragraph of the complaint.

12.

Responding to the allegations in this paragraph of the complaint, Mr. Faughn admits he was acting in the course and scope of his employment with Reliable Carriers, Inc. ("Reliable Carriers") at the time of the subject accident and the *respondeat superior* doctrine applies to plaintiff's allegations of negligence against Mr. Faughn.  Except as expressly admitted, Mr. Faughn denies the allegations in this paragraph of the complaint.

13.

Responding to the allegations in this paragraph of the complaint, Mr. Faughn admits he was acting in the course and scope of his employment at the time of the subject accident.  Except as expressly admitted, Mr. Faughn is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

14.

Responding to the allegations in this paragraph of the complaint, Mr. Faughn admits the *respondeat superior* doctrine applies to any acts of negligence he committed while acting in the course and scope of his employment with Reliable

Carriers.  Except as expressly admitted, Mr. Faughn denies the allegations in this paragraph of the complaint.

15.

Mr. Faughn denies the allegations in this paragraph of the complaint.

16.

Mr. Faughn denies the allegations in this paragraph of the complaint.

17.

Responding to the allegations in the unnumbered paragraph following paragraph 16 of the complaint, which begins "WHEREFORE" and constitutes plaintiff's prayer for relief, including those set forth in subparagraphs (1) through (3), Mr. Faughn denies plaintiff is entitled to any relief from defendants under any theory, at law or in equity.

18.

Except as expressly admitted or otherwise responded to, Mr. Faughn denies all allegations in the complaint.

<u>THIRD DEFENSE</u>

There has been an insufficiency of process as to Mr. Faughn; therefore, this Court lacks personal jurisdiction over him.

## FOURTH DEFENSE

There has been an insufficiency of service of process as to Mr. Faughn; therefore, this Court lacks personal jurisdiction over him.

## FIFTH DEFENSE

Defendants did not breach any duty owed to plaintiff.

## SIXTH DEFENSE

No act or omission of defendants proximately caused or contributed to any injuries or damages allegedly incurred by plaintiff; therefore, plaintiff has no right of recovery against defendants.

## SEVENTH DEFENSE

Any injuries or damages sustained by plaintiff were the sole, direct, and proximate result of the conduct of others, including but not limited to plaintiff, and no alleged act by defendants caused or contributed to the incident described in the complaint.

## EIGHTH DEFENSE

To the extent as may be shown applicable by the evidence through discovery, Mr. Faughn asserts the affirmative defenses of accord and satisfaction, arbitration and award, assumption of the risk, contributory/comparative negligence, duress, failure of consideration, fraud, illegality, injury by fellow servant, laches, license,

-6-

payment, release, res judicata, statute of frauds, statute of limitations, failure of plaintiffs to avoid consequences, failure of plaintiff to mitigate damages, discharge in bankruptcy, estoppel, last clear chance, and waiver.

<u>NINTH DEFENSE</u>

Mr. Faughn reserves the right to plead additional defenses as become known to him through investigation and discovery.

WHEREFORE, having fully listed his defenses and having fully answered the complaint, Mr. Faughn prays as follows:

(a)     That judgment be entered in favor of defendants and against plaintiff on the complaint;

(b)     That the costs of this action, including attorney's fees be cast against plaintiff; and

(c)     That the Court grant such other and further relief as it may deem just and proper.

STONE KALFUS LLP

*/s/ Dustin S. Sharpes*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Dustin S. Sharpes
Georgia Bar No. 522995

Attorneys for Defendants and
Counterclaim Plaintiff

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

**MR. FAUGHN DEMANDS A TRIAL BY JURY OF TWELVE**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on September 17, 2021, I filed the foregoing *Defendant Stanley Faughn's Answer to Plaintiff's Complaint for Damages* with the Clerk of Court using the Odyssey e-filing system, which will automatically send e-mail notification of such filing to counsel of record who are Odyssey participants and mailed by United States Postal Service, first-class, postage prepaid, a paper copy of the same document to counsel of record who are non-Odyssey participants.  Counsel of record is:

> Aaron N. Freedman, Esq.
> Law Offices of Aaron N. Freedman
> 3740 Davinci Court, Suite 150
> Peachtree Corners, GA 30092

> */s/ Dustin S. Sharpes*       
> Dustin S. Sharpes
> Georgia Bar No. 522995

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

State Court of Fulton County
**E-FILED**
21EV004688
9/17/2021 12:37 PM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

ANDREA GORDON, )
)
    Plaintiff, )      CIVIL ACTION FILE
)      NO. 21EV004688
v. )
)
STANLEY FAUGHN and RELIABLE )
CARRIERS INC., )
)
    Defendants. )

## DEFENDANT RELIABLE CARRIERS, INC.'S ANSWER AND COUNTERCLAIM

COMES NOW defendant Reliable Carriers, Inc. ("Reliable Carriers") and answers plaintiff's complaint for damages as follows:

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Responding to the specifically numbered paragraphs of plaintiff's complaint, Reliable Carriers answers as follows:

1.

Reliable Carriers is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

2.

Reliable Carriers is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

3.

Responding to the allegations in this paragraph of the complaint, Reliable Carriers admits it is a Michigan corporation with its principal office address at 41555 Koppernick Road, Canton, Michigan, 48187; it may be served according to law; and it is subject to this Court's jurisdiction.   Except as expressly admitted, Reliable Carriers denies the allegations in this paragraph of the complaint.

4.

Reliable Carriers is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

5.

Responding to the allegations in this paragraph of the complaint, Reliable Carriers admits Mr. Faughn was driving a 2016 Kenworth tractor and pulling a trailer ("subject tractor-trailer") on the date in question and attempted to make a right turn at the subject intersection.   Except as expressly admitted, Reliable Carriers denies the allegations in this paragraph of the complaint.

6.

The allegations in this paragraph of the complaint relating to a citation are irrelevant, immaterial, and impertinent and, therefore, should be stricken pursuant to O.C.G.A. § 9-11-12(f).  To the extent a response is required, Reliable Carriers admits Mr. Faughn was cited.  Except as expressly admitted, Reliable Carriers denies the allegations in this paragraph of the complaint.

7.

Reliable Carriers denies the allegations in this paragraph of the complaint, including those set forth in sub-paragraphs (A) through (D).

8.

Reliable Carriers is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

9.

Reliable Carriers denies the allegations in this paragraph of the complaint.

10.

Reliable Carriers denies the allegations in this paragraph of the complaint.

11.

Reliable Carriers denies the allegations in this paragraph of the complaint.

12.

Responding to the allegations in this paragraph of the complaint, Reliable Carriers admits it employed Mr. Faughn, he was acting in the course and scope of his employment at the time of the subject accident, and the *respondeat superior* doctrine applies to plaintiff's allegations of negligence against Mr. Faughn.  Except as expressly admitted, Reliable Carriers denies the allegations in this paragraph of the complaint.

13.

Responding to the allegations in this paragraph of the complaint, Reliable Carriers admits Mr. Faughn was acting in the course and scope of his employment at the time of the subject accident.  Except as expressly admitted, Reliable Carriers is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

14.

Responding to the allegations in this paragraph of the complaint, Reliable Carriers admits the *respondeat superior* doctrine applies to any acts of negligence committed by Mr. Faughn while acting in the course and scope of his employment with Reliable Carriers.  Except as expressly admitted, Reliable Carriers denies the allegations in this paragraph of the complaint.

15.

Reliable Carriers denies the allegations in this paragraph of the complaint.

16.

Reliable Carriers denies the allegations in this paragraph of the complaint.

17.

Responding to the allegations in the unnumbered paragraph following paragraph 16 of the complaint, which begins "WHEREFORE" and constitutes plaintiff's prayer for relief, including those set forth in subparagraphs (1) through (3), Reliable Carriers denies plaintiff is entitled to any relief from defendants under any theory, at law or in equity.

18.

Except as expressly admitted or otherwise responded to, Reliable Carriers denies all allegations in the complaint.

## THIRD DEFENSE

Neither Reliable Carriers nor any of its agents or employees breached any duty owed to plaintiff.

## FOURTH DEFENSE

No act or omission of Reliable Carriers, its agents, or employees proximately caused or contributed to any injuries or damages allegedly incurred by plaintiff; therefore, plaintiff has no right of recovery against defendants.

## FIFTH DEFENSE

Any injuries or damages sustained by plaintiff were the sole, direct, and proximate result of the conduct of others, including but not limited to plaintiff, and no alleged act by Reliable Carriers or its employees or agents caused or contributed to the incident described in the complaint.

## SIXTH DEFENSE

To the extent as may be shown applicable by the evidence through discovery, Reliable Carriers asserts the affirmative defenses of accord and satisfaction, arbitration and award, assumption of the risk, contributory/comparative negligence, duress, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, failure of plaintiffs to avoid consequences, failure of plaintiff to mitigate damages, discharge in bankruptcy, estoppel, last clear chance, and waiver.

<u>SEVENTH DEFENSE</u>

Reliable Carriers reserves the right to plead additional defenses as become known to it through investigation and discovery.

WHEREFORE, having fully listed its defenses and having fully answered the complaint, Reliable Carriers prays as follows:

(a)     That judgment be entered in favor of defendants and against plaintiff on the complaint;

(b)     That the costs of this action, including attorney's fees be cast against plaintiff; and

(c)     That the Court grant such other and further relief as it may deem just and proper.

<u>RELIABLE CARRIERS' COUNTERCLAIM AGAINST PLAINTIFF</u>

COMES NOW Reliable Carriers and files its counterclaim against plaintiff, showing the Court as follows:

1.

This counterclaim arises out of the same transaction or occurrence alleged in plaintiff's complaint.

2.

This Court has jurisdiction over this counterclaim and over plaintiff, who, by

filing this action, has submitted herself to the jurisdiction and venue of this Court for purposes of this counterclaim.

3.

On October 8, 2019, Mr. Faughn, while in the course and scope of his employment with Reliable Carriers, was driving the subject tractor-trailer west on S.R. 140/Holcomb Bridge Road in the right-most lane.

4.

At the same time, plaintiff was driving west on S.R. 140/Holcomb Bridge Road behind Mr. Faughn.

5.

As Mr. Faughn was making a right turn onto Holcomb Woods Parkway, plaintiff negligently and in violation of Georgia law attempted to pass Mr. Faughn in the same lane the subject tractor-trailer occupied, causing a collision between the two vehicles.

6.

Plaintiff's actions constitute negligence and negligence *per se* in violation of Georgia law.

7.

The collision was solely and proximately caused by plaintiff's negligence.

8.

At all relevant times, Mr. Faughn was driving in a lawful and prudent manner.

9.

As a result of plaintiff's negligence, Reliable Carriers' trailer sustained damage.

10.

As a result of plaintiff's negligence, Reliable Carriers seeks recovery for its property damage, downtime losses, and other related damages in an amount to be determined at trial.

11.

Plaintiff has acted in bad faith, has been stubbornly litigious, and has caused Reliable Carriers unnecessary trouble and expense; therefore, pursuant to O.C.G.A. § 13-6-11, Reliable Carriers is entitled to an award against plaintiff for the attorney's fees and expenses of litigation incurred in connection with its defense of this action and prosecution of this counterclaim.

WHEREFORE, having stated its counterclaim, Reliable Carriers prays and demands as follows:

(a)     That judgment be entered in favor of Reliable Carriers and against plaintiff for Reliable Carriers' property damages, downtime losses, and other related damages in an amount to be proven at trial;

(b)     That judgment be entered in favor of Reliable Carriers and against plaintiff for Reliable Carriers' attorney's fees and expenses of litigation in an amount to be proven at trial;

(c)     That the costs of this action be cast against plaintiff; and

(d)     For such other and further relief as the Court deems just and proper.

STONE KALFUS LLP

*/s/ Dustin S. Sharpes*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Dustin S. Sharpes
Georgia Bar No. 522995
Attorneys for Defendants and
Counterclaim Plaintiff

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

**RELIABLE CARRIERS DEMANDS A TRIAL BY JURY OF TWELVE**

-10-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on September 17, 2021, I filed the foregoing *Defendant*

*Reliable Carriers, Inc.'s Answer and Counterclaim* with the Clerk of Court using the

Odyssey e-filing system, which will automatically send e-mail notification of such

filing to counsel of record who are Odyssey participants and mailed by United States

Postal Service, first-class, postage prepaid, a paper copy of the same document to

counsel of record who are non-Odyssey participants.  Counsel of record is:

> Aaron N. Freedman, Esq.
> Law Offices of Aaron N. Freedman
> 3740 Davinci Court, Suite 150
> Peachtree Corners, GA 30092

> */s/ Dustin S. Sharpes*
> Dustin S. Sharpes
> Georgia Bar No. 522995

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

-11-

**State Court of Fulton County**
**\*\*E-FILED\*\***
**21EV004688**
**9/17/2021 12:37 PM**
**Christopher G. Scott, Clerk**
**Civil Division**

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ANDREA GORDON, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. 21EV004688 |
| v. | ) | |
| | ) | |
| STANLEY FAUGHN and RELIABLE | ) | |
| CARRIERS INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **DEFENDANTS' DEMAND FOR TRIAL BY JURY OF TWELVE**

COME NOW defendants and, pursuant to O.C.G.A. §§ 15-12-122 and 15-12-123, demand this action be tried by a jury of twelve.  Defendants further show this demand is made before the commencement of the trial term in which this case is to be tried.

[*Signature on following page*]

DEFENDANTS' DEMAND FOR TRIAL BY JURY OF TWELVE
*Andrea Gordon v. Reliable Carriers Inc. et ano.*, Civil Action File No. 21EV004688

STONE KALFUS LLP

*/s/ Dustin S. Sharpes*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Dustin S. Sharpes
Georgia Bar No. 522995
Attorneys for Defendants

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 17, 2021, I filed the foregoing *DEFENDANTS' DEMAND FOR TRIAL BY JURY OF TWELVE* with the Clerk of Court using the Odyssey e-filing system, which will automatically send e-mail notification of such filing to counsel of record who are Odyssey participants and mailed by United States Postal Service, first-class, postage prepaid, a paper copy of the same document to counsel of record who are non-Odyssey participants.  Counsel of record is:

> Aaron N. Freedman, Esq.
> Law Offices of Aaron N. Freedman
> 3740 Davinci Court, Suite 150
> Peachtree Corners, GA 30092

> */s/ Dustin S. Sharpes*
> Dustin S. Sharpes
> Georgia Bar No. 522995

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

State Court of Fulton County
**E-FILED**
21EV004688
9/17/2021 12:37 PM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

ANDREA GORDON,                    )
                                  )
    Plaintiff,                    )            CIVIL ACTION FILE
                                  )            NO. 21EV004688
v.                                )
                                  )
STANLEY FAUGHN and RELIABLE       )
CARRIERS INC.,                    )
                                  )
    Defendants.                   )

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

Pursuant to Rule 5.2 of the Uniform State Court Rules, I hereby certify that I

have this day served a copy of *Defendants' First Request for Admissions to Plaintiff*

upon counsel of record by United States first-class mail, addressed as follows:

        Aaron N. Freedman, Esq.
        Law Offices of Aaron N. Freedman
        3740 Davinci Court, Suite 150
        Peachtree Corners, GA 30092

This 17th day of September, 2021.

        STONE KALFUS LLP

        */s/ Dustin S. Sharpes*
        Matthew P. Stone
        Georgia Bar No. 684513
        Shawn N. Kalfus
        Georgia Bar No. 406227
        Dustin S. Sharpes

Georgia Bar No. 522995
Attorneys for Defendants

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)